# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:20-CV-533-MOC-DCK

| | |
|---|---|
| AMERICAN TIRE DISTRIBUTORS, INC., ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v.   ) | **ORDER** |
| ) | |
| MATTHEW RUMBAUGH, U.S. ) | |
| AUTOFORCE, LLC, CHARLES MAGNEE, ) | |
| and U.S. VENTURE, INC., ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion For Leave To File Second Amended Complaint" (Document No. 54) filed March 19, 2021. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and applicable authority, the undersigned will grant the motion to amend, and direct that the pending motion to dismiss be denied as moot.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1). Rule 15 further provides:

> **(2) Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a)(2).

Under Rule 15, a "motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." Nourison Rug Corporation v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) (citing HCMF Corp. v. Allen, 238 F.3d 273, 276-77 (4th Cir. 2001)); see also, Foman v. Davis, 371 U.S. 178, 182 (1962). However, "the grant or denial of an opportunity to amend is within the discretion of the District Court." Pittston Co. v. U.S., 199 F.3d 694, 705 (4th Cir. 1999) (quoting Foman, 371 U.S. at 182).

## DISCUSSION

The undersigned is not persuaded there is sufficient evidence of prejudice, bad faith, or futility to outweigh the interests of justice that favor granting Plaintiff leave to amend again; therefore, the undersigned will allow Plaintiff to file a Second Amended Complaint which supersedes the "First Amended Complaint…" (Document No. 18). Furthermore, the undersigned will direct that Defendants' "Motion To Dismiss First Amended Complaint" (Document No. 29) be denied as moot.

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001) ("The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also, Fawzy v. Wauquiez Boats SNC, 873 F.3d 451, 455 (4th Cir. 2017) ("Because a properly filed amended complaint supersedes the original one and becomes the operative complaint in the case, it renders the original complaint 'of no effect.'"); Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended

2

Complaint"); Brown v. Sikora and Associates, Inc., 311 Fed.Appx. 568, 572 (4th Cir. Apr. 16, 2008); and Atlantic Skanska, Inc. v. City of Charlotte, 3:07-CV-266-FDW, 2007 WL 3224985 at *4 (W.D.N.C. Oct. 30, 2007).

To the extent Defendant contends the Second Amended Complaint is deficient, this Order is without prejudice to Defendant filing a renewed motion to dismiss the Second Amended Complaint, as appropriate.

Based on the foregoing, and noting that Plaintiff's briefing in support of leave to file a Second Amended Complaint asserts that the revised Complaint "alleges additional material facts in support of personal jurisdiction" and that those allegations "amply support personal jurisdiction over each Defendant," the undersigned will deny "Plaintiff's Alternative Motion For Jurisdictional Discovery" (Document No. 32). (Document No. 54-1, p. 7; Document No. 62, p. 3). Likewise, the undersigned will deny "Defendants' Alternative Motion For Jurisdictional Discovery" (Document No. 38) which seeks jurisdictional discovery "in the event the Court denies their pending Motion to Dismiss [ECF No. 29] and grants ATD's pending Alternative Motion for Jurisdictional Discovery [ECF No. 32]." (Document No. 38, p. 1).

The undersigned observes that the Honorable Max O. Cogburn, Jr., presiding District Judge in this case, recently issued an "Order" (Document No. 61) denying "Plaintiff's Expedited Motion For Urgent Forensic Examination & Order Of Preservation" (Document No. 52). In that decision, Judge Cogburn noted that "the parties have made the Court aware that the parties disagree about various aspects of the existing protocol, but the Court declines to modify the protocol . . . without first requiring the parties to attempt to work together to reach their own agreement about the scope of the protocol going forward." (Document No. 61, p. 2). On November 2, 2020, the Court approved the parties' "Stipulated Order On Expedited Forensic Discovery" (Document No. 23),

"Stipulation For Entry Of Protective Order" (Document No. 23-1), and "Forensic Inspection Protocol" (Document No. 23-2).   (Document No. 25).

Finally, the undersigned notes that "Defendants' Motion For A Protective Order" (Document No. 57) was filed on March 26, 2021, and is not yet ripe for review.  It appears that this motion might be mooted by Judge Cogburn's recent Order and his requirement that the parties work together to reach an agreement;  however, the undersigned will decline to issue a decision on this motion at this time.  The undersigned does observe that Defendant alleges that Plaintiff's counsel "declined to schedule a call" for the purpose of satisfying Local Rule 7.1(b).

Consistent with Judge Cogburn's directions, the undersigned finds that counsel for the parties are *required* to confer and attempt in good faith to resolve their dispute(s) before filing any additional motions related to discovery in this matter.  Such discussions shall include a telephone conference and/or other virtual meeting technology and not just an exchange of emails.  Counsel are respectfully encouraged to go ahead and conduct an Initial Attorney's Conference and file a Certificate of Initial Attorney's Conference, that includes a proposal (or proposals) for discovery moving forward.

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Motion For Leave To File Second Amended Complaint" (Document No. 54) is **GRANTED**. [1]

**IT IS FURTHER ORDERED** that Defendants' "Motion To Dismiss First Amended Complaint" (Document No. 29) is **DENIED AS MOOT**.

---

[1] The "Administrative Procedures Governing Filing and Service by Electronic Means," revised January 1, 2018, at Part II, Section A, Paragraph 8, provide that:  "If filing a document requires leave of the Court, such as an amended complaint, the attorney shall attach the proposed document as an exhibit to the motion according to the procedures in IV.  If the Court grants the motion, the filer will be responsible for electronically filing the document on the case docket."

**IT IS FURTHER ORDERED** that "Plaintiff's Motion To Defer Ruling On Motion To Dismiss For Lack Of Personal Jurisdiction, Pending Filing Of Motion For Leave To File Second Amended Complaint" (Document No. 53) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** "Plaintiff's Alternative Motion For Jurisdictional Discovery" (Document No. 32) is **DENIED**.

**IT IS FURTHER ORDERED** "Defendants' Alternative Motion For Jurisdictional Discovery" (Document No. 38) is **DENIED**.

**SO ORDERED**.

Signed: April 14, 2021

David C. Keesler
United States Magistrate Judge